## Abigail W. Farnsworth *vs.* Horace P. Wakefield.

A. received the minor daughter of B. into his family with a promise to provide for and educate her as his own daughter; subsequently B.'s wife obtained a divorce *a mensa et thoro* from her husband, and the custody of the daughter was decreed to her. The daughter continued to reside with A. two years longer without any new agreement, when he sent her to her mother, having failed to support and educate her according to his contract. *Held*, that A. was not liable to an action by the mother in her own name, for the daughter's services, although the failure of the defendant to fulfil his contract was not before known to the mother.

This action was brought by the plaintiff to recover compensation for the services of her minor daughter. At the trial in the court of common pleas, before *Hoar*, J., the plaintiff's counsel, in opening, stated, that in January, 1844, the daughter of the plaintiff went to live with the defendant, upon his promise to provide for and educate her as one of his own daughters; that the plaintiff was then a married woman, living with her husband, Edward Farnsworth, who was the

Farnsworth *v.* Wakefield.

father of her said daughter; that in 1848 the plaintiff was divorced from bed and board of her said husband, upon a libel filed by herself, and the custody of her minor children thereby decreed to her; that her said daughter continued to live with the defendant until September, 1850, when she was sent home by the defendant, who had grossly failed to perform his contract, or furnish such support and education as he was bound to by his contract, and that the fact of his failure to perform his contract was not known to the plaintiff until the daughter was sent back as above stated, and that the said Edward Farnsworth, the father, is still alive. The presiding judge ruled, that upon these facts the plaintiff could not recover. A verdict was thereupon returned for the defendant, and the plaintiff excepted to the ruling.

*G. H. Briggs,* for the plaintiff.

*C. P. Judd,* for the defendant.

By the Court. The contract of the defendant to take the plaintiff's daughter, and support and educate her as his own, was made with the father of the child, and according to the spirit of the statute, respecting the binding out of minors, as of parties or servants, all the benefits of the contract, by way of compensation for services, were to enure to the minor herself. There being an express contract by the defendant, to make compensation for the services of the child, there was no implied contract to pay either father or mother for the same services. *Stone* v. *Dennison,* 13 Pick. 1. This state of things continued till 1848, when the mother, the plaintiff in this suit, obtained a divorce *à mensa et thoro,* and the custody of the daughter was assigned to her. Supposing, and this is the most favorable view of the case for the plaintiff, that by force of this decree she might have taken the actual control and custody of the daughter, and providing for her support, would be entitled to her earnings from that time, she did not do so. She permitted the daughter to remain with the defendant, under the old agreement, till he sent her home, when, of course, the service ended. There was, therefore, no implied promise by the defendant, for services performed after the divorce and assignment of the custody of the daughter, to the plaintiff.

If, as the plaintiff alleged, the defendant had grossly failed to perform his contract or furnish support and education to the daughter according to his agreement, whether known or unknown to the plaintiff, whatever remedy, either the mother or daughter might have, such failure would raise no implied promise, on the part of the defendant, to the mother for past services, performed under an express and different contract. We think the direction was right, and that the verdict must stand.                                    *Exceptions overruled.*